**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| SCOTT JEREMY SCHUSTER, | |
| Plaintiff, | |
| -vs- | Case No. |
| EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; DIVERSIFIED ADJUSTMENT SERVICE, INC.; I. C. SYSTEM, INC.; PORTFOLIO RECOVERY ASSOCIATES, LLC; and VERIZON WIRELESS SERVICES, LLC, | |
| Defendants. | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, SCOTT JEREMY SCHUSTER (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"); TRANS UNION LLC (hereinafter "Trans Union"); DIVERSIFIED ADJUSTMENT SERVICE, INC. (hereinafter "DAS"); I. C. SYSTEM, INC. (hereinafter "ICS"); PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Portfolio"); and VERIZON WIRELESS SERVICES, LLC (hereinafter "Verizon") (hereinafter

1

collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.     The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Tarrant County, Texas. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling,

4

evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     DAS is a corporation with its principal place of business in the State of Minnesota and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

20.     DAS is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

21.     DAS furnished Plaintiff's information to the CRAs which was inaccurate.

22.     ICS is a corporation with its principal place of business in the State of Minnesota and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

23.     ICS is a "furnisher of information" as that term is used in 15 U.S.C. § 1681s-2.

24.     ICS furnished Plaintiff's information to the CRAs which was inaccurate.

25.     Portfolio is a corporation headquartered at 120 Corporate Boulevard in Norfolk, Virginia 23502 that upon information and belief conducts business in the State of Georgia

26.     Portfolio is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

27.     Portfolio furnished information about Plaintiff to the CRAs that was inaccurate.

28.     Verizon is a corporation with its principal place of business in the State of New Jersey and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, Georgia 30046.

29.     Verizon is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

30.     Verizon furnished information about Plaintiff to the CRAs that was inaccurate.

## **FACTUAL ALLEGATIONS**

31.     Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

32.     Upon information and belief, Plaintiff is a victim of identity theft or a mixed file.

33.    In or about 2023, Plaintiff observed hard inquiries appearing in his credit file which did not belong to him.

34.     In or about January 2024, Plaintiff contacted Equifax and Experian to dispute the inaccurate reporting of the following accounts which did not belong to him.

| Furnisher | CRA | Account |
|-----------|-----|---------|
| ICS | Experian | 158531x |
| Portfolio | Equifax | x8796 |
| Portfolio | Equifax, Experian | x9806 |
| Verizon | Equifax | x0001 |

35.    Plaintiff did not receive dispute results from Equifax. However, upon review of his updated Equifax credit report, Plaintiff observed the aforementioned disputed accounts continued to be reported each with a comment which indicated the account was disputed and verified.

36.    Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

37.    Equifax never attempted to contact Plaintiff during the alleged investigation.

38.    Upon information and belief, Equifax notified Portfolio of Plaintiff's dispute. However, Portfolio failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

39.    Upon information and belief, Equifax notified Verizon of Plaintiff's dispute. However, Verizon failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

40.    Plaintiff did not receive dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed ICS, partial account number 158531x, continued to be reported with a comment which stated, "Account information disputed by consumer (Meets requirement of the Fair Credit Reporting Act).". Further, Plaintiff observed Portfolio, partial account number ending in x9806, continued to be reported with a comment which stated, "Completed investigation of FCRA dispute – consumer disagrees.".

41.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

42.    Experian never attempted to contact Plaintiff during the alleged investigation.

43.    Upon information and belief, Experian notified ICS of Plaintiff's dispute. However, ICS failed to conduct a reasonable investigation and merely

compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

44.     Upon information and belief, Experian notified Portfolio of Plaintiff's dispute. However, Portfolio failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

45.     On or about March 25, 2024, Plaintiff obtained copies of his Equifax and Experian credit reports. Plaintiff attempted to obtain a copy of his Trans Union credit report but received an error message that it was unavailable. Upon review, Plaintiff observed several hard inquiries and two (2) Social Security numbers that were inaccurate and did not belong to him. Additionally, Plaintiff observed the following erroneous accounts which did not belong to him.

| **Furnisher** | **CRA** | **Account** | **Status** |
|---|---|---|---|
| DAS on behalf of T-Mobile | Experian | 317389x | Collection, Balance $466 |
| ICS on behalf of ATT Mobility | Experian | 158531x | Collection, Balance $323 |
| Portfolio | Equifax | x8796 | Collection, Balance $569 |
| Portfolio | Equifax, Experian | x9806 | Collection, Balance $455 |
| Verizon | Equifax | x0001 | Collection, Balance $1,274 |

46.     On or about March 29, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 171111625. In this report, he explained that he was a victim of identity theft and that the aforementioned

erroneous accounts had been opened under his name and were listed in his credit report.

47.     Due to the inaccurate reporting, on or about April 23, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of his credit report. Further, Plaintiff advised he was a victim of identity theft or mixed file and that the aforementioned accounts did not belong to him. To confirm his identity, Plaintiff included images of his driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of his filed FTC Identity Theft Report.

48.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (7022 2410 0002 5441 3432), Experian (7022 2410 0002 5441 3425), and Trans Union (7022 2410 0002 5441 3449).

49.     On or about April 29, 2024, Plaintiff received dispute results from Experian which stated two (2) hard inquiries were removed.

50.     Plaintiff did not receive any other dispute results from Experian. However, upon review of his updated Experian credit report, Plaintiff observed both incorrect Social Security numbers continued to appear in his credit file. Further, Plaintiff observed DAS, partial account number 317389x, ICS, partial account number 158531x, and Portfolio, partial account number ending in x9806, continued to be reported in his credit report.

51.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

52.     Experian never attempted to contact Plaintiff during the alleged investigation.

53.     Upon information and belief, Experian notified DAS of Plaintiff's dispute. However, DAS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

54.     Upon information and belief, Experian notified ICS of Plaintiff's dispute. However, ICS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

55.     Upon information and belief, Experian notified Portfolio of Plaintiff's dispute. However, Portfolio failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

56.     On or about May 17, 2024, Plaintiff received a copy of his credit report from Equifax. Upon review, Plaintiff observed that DAS, partial account 8988*, on behalf of original creditor, T-Mobile was appearing in his credit report. Further, Plaintiff observed that Portfolio, account number ending in x8796, continued to

appear in his credit with a comment which stated, "consumer disputes after resolution".

57.     Further, on or about May 19, 2024, Plaintiff received dispute results from Equifax which stated Portfolio, partial account number ending in x9806, and Verizon, partial account number ending in x0001, was not appearing in his credit file.

58.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

59.     Equifax never attempted to contact Plaintiff during the alleged investigation.

60.     Upon information and belief, Equifax notified DAS of Plaintiff's dispute. However, DAS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

61.     Upon information and belief, Equifax notified Portfolio of Plaintiff's dispute. However, Portfolio failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

62.     On or about May 18, 2024, Plaintiff received dispute results from Trans Union which stated four (4) hard inquiries were deleted and updated Plaintiff's

personal identifying information. Further, the results stated the following as to the aforementioned disputed erroneous accounts.

| **Furnisher** | **Account** | **Results** |
|---|---|---|
| DAS on behalf of T-Mobile | 317389x | Verified as accurate |
| ICS on behalf of ATT Mobility | 158531x | Deleted |
| Portfolio | x8796 | No results received |
| Portfolio | x9806 | Deleted |
| Verizon | x0001 | No results received |

63. Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

64. Trans Union never attempted to contact Plaintiff during the alleged investigation.

65. Upon information and belief, Trans Union notified DAS of Plaintiff's dispute. However, DAS failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

66. On or about May 29, 2024, Plaintiff obtained an updated copy of his Trans Union credit report, and to his relief, all the erroneous accounts were no longer appearing in his credit report.

67. On or about June 1, 2024, Plaintiff contacted Experian via telephone and disputed the erroneous DAS, partial account number 317389x, ICS, partial

account number 158531x, and Portfolio, partial account number ending in x9806, which did not belong to him.

68.     On or about June 2, 2024, Plaintiff contact Equifax via telephone and the representative advised Plaintiff that the erroneous accounts were no longer appearing in his credit file.

69.     As of the filing of this Complaint, Plaintiff has not received dispute results from Experian regarding his telephonic dispute.

70.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, Experian continues to inaccurately report the fraudulent accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

71.     Experian has not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continues to parrot off the back of the furnisher(s).

72.     Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

73.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

ii.   Loss of time attempting to cure the errors;

iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions; and

iv.   Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

74.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

75.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

76.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

77.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

78.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

79.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

80.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

81.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

82.    The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

83.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

84.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

85.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

86.    Equifax allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

17

87.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

88.    Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

89.    Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

90.    Equifax violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

91.    As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

92.    The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

93.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT III**
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

94.     Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

95.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

96.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

97.     Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

98.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

99.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

100.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT IV
**Violations of 15 U.S.C. § 1681i as to
Defendant, Equifax Information Services LLC (Willful)**

101.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

102.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

103.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

104.   Plaintiff provided Equifax with the information it needed to confirm that he was a victim of a mixed file or identity theft. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

105.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

21

from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106. The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

107. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

108. Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

109. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

110.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

111.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

112.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

113.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

114.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

115.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

116.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

117.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

118.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

119.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

120.   Experian allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

121.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

122.   Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

123.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

124.   Experian violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

125.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

126.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

127.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

128.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

129.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

130.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

26

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

131.  Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

132.  As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

133.  The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

134.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from

further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

135.  Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

136.  After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

137.  Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

138.  Plaintiff provided Experian with the information it needed to confirm that he was a victim of a mixed file or identity theft. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

139.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

140.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

141.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

142.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

143.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

144.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

145.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

146.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

147.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

148.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

149.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

151.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

152.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

153.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

154.   Trans Union allowed for numerous Furnishers to report inaccurate and erroneous accounts to Plaintiff's credit file.

155.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

156.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

157.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

158.   Trans Union violated its own policies and procedures by not deleting an account when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

159.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

160.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

161.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

162.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

163.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

164.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

165.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

166.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

167.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

168.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-

judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

169.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

170.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

171.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

172.   Plaintiff provided Trans Union with the information it needed to confirm that he was a victim of a mixed file or identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

173.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

174.    The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

175.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Diversified Adjustment Service, Inc. (Negligent)

176.    Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

177.   DAS furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

178.   After receiving Plaintiff's disputes, DAS violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

179.   Plaintiff provided all the relevant information and documents necessary for DAS to have identified that the account was erroneous.

180.   DAS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to DAS by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

181.   DAS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

182.   As a direct result of this conduct, action, and/or inaction of DAS, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

183.   The conduct, action, and inaction of DAS was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

184.   Plaintiff is entitled to recover costs and attorney's fees from DAS in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual damages against Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Diversified Adjustment Service, Inc. (Willful)

185.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

186.   DAS furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

187.   After receiving Plaintiff's disputes, DAS violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

188.   Plaintiff provided all the relevant information and documents necessary for DAS to have identified that the account was erroneous.

189.   DAS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to DAS by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if

it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

190.  DAS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

191.  As a direct result of this conduct, action, and/or inaction of DAS, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

192.  The conduct, action, and inaction of DAS was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

193.  Plaintiff is entitled to recover costs and attorney's fees from DAS in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, DIVERSIFIED ADJUSTMENT SERVICE, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XV
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, I. C. System, Inc. (Negligent)

194.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

195.   ICS furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

196.   After receiving Plaintiff's disputes, ICS violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

197.   Plaintiff provided all the relevant information and documents necessary for ICS to have identified that the account was erroneous.

198.   ICS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to ICS by Plaintiff in connection with his disputes

of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

199.   ICS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

200.   As a direct result of this conduct, action, and/or inaction of ICS, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

201.   The conduct, action, and inaction of ICS was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

202.   Plaintiff is entitled to recover costs and attorney's fees from ICS in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual damages against Defendant, I. C. SYSTEM, INC.; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-

judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, I. C. System, Inc. (Willful)

203.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

204.   ICS furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

205.   After receiving Plaintiff's disputes, ICS violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

206.   Plaintiff provided all the relevant information and documents necessary for ICS to have identified that the account was erroneous.

207.   ICS did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party,

including information provided to ICS by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

208.   ICS violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

209.   As a direct result of this conduct, action, and/or inaction of ICS, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

210.   The conduct, action, and inaction of ICS was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

211.   Plaintiff is entitled to recover costs and attorney's fees from ICS in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual or statutory damages and punitive damages

against Defendant, I. C. SYSTEM, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XVII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Portfolio Recovery Associates, LLC (Negligent)

212.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

213.   Portfolio furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

214.   After receiving Plaintiff's disputes, Portfolio violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

215.   Plaintiff provided all the relevant information and documents necessary for Portfolio to have identified that the accounts were erroneous.

216.   Portfolio did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient

evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Portfolio by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

217.  Portfolio violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

218.  As a direct result of this conduct, action, and/or inaction of Portfolio, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

219.  The conduct, action, and inaction of Portfolio was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

220.  Plaintiff is entitled to recover costs and attorney's fees from Portfolio in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual damages against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVIII
**Violation of 15 U.S.C. § 1681 s-2(b) as to
Defendant, Portfolio Recovery Associates, LLC (Willful)**

221.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

222.   Portfolio furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

223.   After receiving Plaintiff's disputes, Portfolio violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

224.   Plaintiff provided all the relevant information and documents necessary for Portfolio to have identified that the accounts were erroneous.

225.   Portfolio did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Portfolio by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

226.   Portfolio violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

227.   As a direct result of this conduct, action, and/or inaction of Portfolio, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

228.   The conduct, action, and inaction of Portfolio was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

229.   Plaintiff is entitled to recover costs and attorney's fees from Portfolio in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Verizon Wireless Services, LLC (Negligent)

230.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

231.   Verizon furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

232.   After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

233.   Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account was erroneous.

234.   Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

235.   Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

236.   As a direct result of this conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

237.   The conduct, action, and inaction of Verizon was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

238.   Plaintiff is entitled to recover costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual damages against Defendant, VERIZON WIRELESS SERVICES, LLC; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Verizon Wireless Services, LLC (Willful)

239.   Plaintiff re-alleges and incorporates paragraphs one (1) through seventy-three (73) above as if fully stated herein.

240.   Verizon furnished inaccurate account information to the CRAs and through the CRAs to all of Plaintiff's potential lenders.

241.   After receiving Plaintiff's disputes, Verizon violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii)

failing to accurately respond to the CRAs; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

242.   Plaintiff provided all the relevant information and documents necessary for Verizon to have identified that the account was erroneous.

243.   Verizon did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Verizon by Plaintiff in connection with his disputes of the account in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the account belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of a mixed file or identity theft.

244.   Verizon violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

245.   As a direct result of this conduct, action, and/or inaction of Verizon, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

246.   The conduct, action, and inaction of Verizon was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

247.   Plaintiff is entitled to recover costs and attorney's fees from Verizon in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, VERIZON WIRELESS SERVICES, LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SCOTT JEREMY SCHUSTER, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES

LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; DIVERSIFIED ADJUSTMENT SERVICE, INC.; I. C. SYSTEM, INC.; PORTFOLIO RECOVERY ASSOCIATES, LLC; and VERIZON WIRELESS SERVICES, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 13th day of June 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Secondary email:
Lisa@theconsumerlawyers.com
*Attorney for Plaintiff*